UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT E. SPATES,

   Plaintiff,

  v.            Case No. 14-CV-1311

CARMEN BAUER, R. GOLZ,
and S. SCHNEIDER,

   Defendants.

---

## SCREENING ORDER

  Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $20.49.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, plaintiff is presently incarcerated at Green Bay Correctional Institution although he was confined at Dodge Correctional Institution at all times relevant. He is suing Licensed Practical Nurse Carmen Bauer, Registered Nurse R. Golz, and Nursing Manager S. Schneider.

Plaintiff alleges that on September 13, 2014, Nurse Bauer was handing out the morning medication. When Nurse Bauer arrived at plaintiff's room, she shouted to him from the hallway, "Mr. Spates do you want your two HIV meds." Inmate aid workers were present in the hallway and other inmates had their room doors open at the time. When Nurse Bauer entered plaintiff's room he asked her why she shouted that he was HIV positive from the hallway and Nurse Bauer replied that she did not think anyone heard her. Plaintiff alleges that he obtained Nurse Bauer's name from Nurse Golz "to try to keep my anger with the LPN to myself and not with her," however, Nurse Golz told Nurse Bauer. He asserts that at next medication handout, Nurse Bauer put her ID tag in his face and

3

said, "This is how my name is spelled." According to plaintiff, his HIV status was previously exposed and as a result he was physically assaulted.[1] Plaintiff further alleges that he had spinal surgery on August 16, 2014, and cannot physically protect himself. He states that he went to Dr. B. Burtels Rohrbeck at DCI for help and that he is in a constant state of fear. For relief, plaintiff seeks monetary damages and apology.

At this stage, the court finds that plaintiff may proceed on claims under the Eighth and Fourteenth Amendments against Nurse Bauer based on allegations that she shouted about his HIV status in a hallway where other inmates where nearby. See Anderson v. Romero, 72 F.3d 518, 522-24 (7th Cir. 1995); Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001); Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999). However, he may not proceed against defendants Golz and Schneider because they are not alleged to have been personally involved in the claim.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Golz and Schneider are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

---

[1] Plaintiff previously filed a civil rights action based on disclosure of his HIV status at the Milwaukee County Correctional Facility. Spates v. Clements, Case No. 10-CV-1098-AEG (E.D. Wis.). The parties filed a joint stipulation of dismissal of the case on July 2, 2012. (Id., ECF No. 51.)

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $329.51 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2014.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge