UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SCOTT E. SPATES,

                Plaintiff,

v.                                        **Case No. 14-cv-1311-pp**

CARMEN BAUER,

                Defendant.
_____

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT, BASED ON THE PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES (DKT. NO. 26)**
_____

**I.    INTRODUCTION**

On October 20, 2014, Scott Spates, a *pro se* plaintiff currently incarcerated at Wisconsin Resource Center (WRC), filed a complaint under 42 U.S.C. §1983, alleging his civil rights had been violated. Dkt. No. 1. Judge Adelman, the original judge assigned to the case, issued an order allowing the plaintiff to proceed on his Eighth and Fourteenth Amendment claims against the defendant. Dkt. No. 10 at 4.

On July 17, 2015, the defendant filed a motion for summary judgment, arguing that the plaintiff had not exhausted the available administrative remedies prior to filing his federal lawsuit, as required by Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008). Dkt. No. 26. On September 22, 2015, the court decided that an evidentiary hearing was necessary to determine whether the

1

plaintiff had complied with the Prisoner Litigation Reform Act's (PLRA) requirement that a prisoner exhaust available administrative remedies *before* challenging the conditions of his confinement in a federal court. See Waggoner v. Lemon, 778 F.3d 586, 588 (7th Cir. 2015) (citing 42 U.S.C. §1997e(a)). Dkt. No. 34. The court held a hearing on October 26, 2015, with both the plaintiff[1] and counsel for the defendant present. See Dkt. No. 36. For the reasons explained in this decision, the court grants the defendant's motion for summary judgment, and dismisses the complaint, based on the plaintiff's failure to exhaust the available administrative remedies.

## II. PROCEDURAL BACKGROUND

In his complaint, the plaintiff alleged that on September 13, 2014, while he was at Dodge Correctional Institution (DCI), the defendant shouted about his HIV status in a hallway where other inmates were nearby. Dkt. No. 1 at 3. In her brief in support of summary judgment, the defendant stated that "Spates filed an offender complaint related to his allegations against Bauer. But Spates failed to appeal the dismissal of this complaint to the corrections complaint examiner for review by the Office of the Secretary." Dkt. No. 27 at 7. The defendant filed, along with the motion for summary judgment, the brief and her proposed findings and conclusions, a copy of a grievance dated September 18, 2014 (and stamped received by the DCI ICE office on September 22, 2014), in which the plaintiff complained about the defendant revealing his

---

[1] The plaintiff appeared by video conference from WRC.

HIV status to other inmates. Dkt. No. 29-2 at 6. She also attached the complaint examiner's report dismissing the plaintiff's grievance; that report was dated October 2, 2014. Id. at 3-4. The report advises the plaintiff that if he disagrees with the dismissal, he may appeal by filing a form DOC-405 "within 10 calendar days after the date of the decision." Id.

On July 27, 2015, in response to the defendant's summary judgment motion, the plaintiff filed a motion requesting leave to amend his complaint and to continue the case for ninety days. Dkt. No. 31. The plaintiff stated, "I see now I missed a step in the inst[it]ution complaint system. . . . I have mail[ed] the last appellee [sic] in . . . ." Id. Nowhere in this motion did the plaintiff state that he had appealed from the dismissal of his complaint by the complaint examiner. Nor did he state in this motion that he had a copy of the appeal he'd filed, and he did not attach a copy of any appeal to the motion.

On August 12, 2015, the plaintiff filed a second motion asking the court to give him time to receive a decision on the last step required for the appeal of a complaint he had filed with the Department of Correction (DOC). Dkt. No. 33. In this motion, the plaintiff explained that, up until the point that he received the defendant's motion for summary judgment, he believed that he had completed the process for appealing the dismissal of his administrative complaint. He stated, "The last appeal I mailed in I never got an decision." Id. at 1. He stated that he had since learned that the defendant was arguing that there was "no record of [his] last appeal [he] mailed in." Id. at 1. The plaintiff

3

stated that as soon as he received the defendant's summary judgment motion, he "got an last step appeal form from the Psychiatric Care Technician," and that he "f[il]led it out and mailed it in." Id. He stated, however, that "this time it was mailed back to me, telling me that the appeal form I am us[]ing is no longer accepted, it has been updated." Id. He went on to indicate that he had since received the updated form, and now wanted time to get the form in and complete the appeals process. Id. at 2.

Again, the plaintiff did not state anywhere in this second motion that he had a copy of the appeal he thought he'd filed at the time his administrative complaint was dismissed, and he did not attach The plaintiff attached three documents to this motion: a copy of the letter he received telling him that he was using an old form (this letter was dated July 29, 2015); a copy of a Request for Corrections Complaint Examiner Review, form DOC-405, revised December 2012 (with a receipt date of July 27, 2015); and a copy of an Inmate Complaint Appeal, form DOC-405, revised October 2014 (and dated by the plaintiff on August 6, 2015). Dkt. No. 33-1.

### III. APPLICABLE LAW

According to the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Various important policy goals give rise to the rule requiring administrative

4

exhaustion, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. Smith v. Zachary, 255 F.3d 446, 450-51 (7th Cir. 2001).

Wisconsin Administrative Code chapter DOC §310 requires an inmate to initiate the exhaustion process by filing an offender complaint with the institution's complaint examiner. DOC §§310.07, 310.09. If an inmate is dissatisfied with a decision, he may, within ten calendar days after the decision, appeal the decision. DOC §310.13(1). Within five working days after receiving an appeal, the complaint examiner should issue a written receipt of the appeal to the inmate. DOC §310.13(4). The complaint examiner has thirty-five working days from receiving the appeal to recommend a decision to the secretary. DOC §310.13(6). The secretary then has ten working days from the date he received the recommendation to make a decision. DOC §310.14(1). If an inmate does not receive a decision from the secretary within forty-five working days of the complaint examiner's acknowledgment of receipt of the appeal, the inmate can proceed on the assumption that he has exhausted his administrative remedies. DOC §310.14(3).

If a court determines that an inmate failed to complete *any* step in the exhaustion process prior to filing a lawsuit, the court must dismiss the plaintiff's complaint. Perez v. Wis. Dept. of Corrs., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been

5

exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits.").

## II. THE PLAINTIFF'S ARGUMENT

At the October 26, 2015 hearing before this court, the plaintiff argued for the first time that not only had he timely filed an appeal from the dismissal of his grievance, but that he had a copy of that appeal form. About two weeks prior to the hearing, the plaintiff had filed his exhibits. Dkt. No. 35-1. One of those exhibits was a form DOC-405 Inmate Complaint Appeal form. Id. at 8. The plaintiff had completed and signed it, and he had written in the "date signed" block "10-08-2014." Id.

The plaintiff testified at the evidentiary hearing that he was very familiar with the grievance process. He told the court that the first thing he learned years ago was that inmates have to exhaust their administrative remedies before filing a lawsuit in federal court. He pointed to the comment he made on his grievance form, stating that, "This is now the first step of a lawsuit" (Ex. 1002-006), as evidence of his knowledge regarding the multi-step process. He testified, therefore, that he knew he had to have appealed the dismissal of his grievance before he could file a federal lawsuit.

The plaintiff also testified that he kept very good records, and stated that he was certain that he submitted the inmate complaint appeal because he had retained a copy of it (the document he provided at Dkt. No. 35-1 at 8) . He stated that he submitted his final appeal on a form the correctional officer had

6

provided him. He explained that when he did not receive a response to his appeal, he figured he was being ignored, so he filed this lawsuit.

The plaintiff stated that when he received the defendant's motion for summary judgment, his first response was to ask the court for more time to complete the appeal process. He thought the court would look more favorably upon that approach than if he had said he had a copy of the filed appeal, but that the facility had failed to acknowledge the appeal.

The plaintiff told the court that he had a lot of time and plenty of patience, so he had no need to lie about having timely filed the appeal. He told the court that if he had simply neglected to file the appeal, he would have asked to end the federal lawsuit

### III.   THE DEFENDANT'S ARGUMENT

The defendant highlighted that on September 22, 2014, Institution Complaint Examiner (ICE) Michael Patten recommended the plaintiff's grievance be dismissed. Ex. 1002-002. On October 2, 2014, Marc Clements, the DCI warden, agreed and dismissed the grievance. Ex. 1002-003.

The defendant then focused on the document the plaintiff had submitted at Dkt. No. 35-1 at 8—the Inmate Complaint Appeal which the plaintiff had dated October 8, 2014. The defendant noted that the plaintiff allegedly signed the appeal on October 8, 2014. Id. The defendant pointed out, however, that in the top right-hand corner, there was a notation indicating that the form had revised as of October 2014. Id. DOC §310.13 "Review by corrections complaint

7

examiner" is printed on the backside of the form, and explains the appeal process for inmates who are dissatisfied with the decision they receive on their grievance. The plaintiff agreed that this section accurately set forth the appeal process.

Karen Gorley, an inmate complaint examiner for the DOC, testified that during the week the plaintiff alleged that he had mailed in his appeal, 107 appeals were receipted by the DOC, 24 of which were from GBCI (the institution from which the plaintiff allegedly mailed his appeal). Ms. Gorley testified that there were no problems at that time with the appeal intake system. She said that if the plaintiff had mailed in an appeal, she would have documented it, and she testified that there was no record that the plaintiff ever had mailed in an appeal.

In addition, Ms. Gorley testified that the appeal form the plaintiff had submitted at Dkt. No. 35-1 at 8 had not been made available to correctional institutions until November 25, 2014. She testified that it would have been impossible for the plaintiff to have mailed in an appeal on that form on October 8, 2014, because the correctional facilities did not even have access to the form until over a month later.

IV. ANALYSIS

Based on the testimony and evidence presented at the October 26, 2015 hearing, the court finds that the plaintiff failed to exhaust the available administrative remedies before filing his complaint in federal court.

8

Case 2:14-cv-01311-PP   Filed 01/04/16   Page 8 of 13   Document 42

First, according to the defendant's witness, the form the plaintiff alleges he used to appeal was not distributed to the prisons for use until November 25, 2014, six weeks *after* the plaintiff alleges he submitted the appeal. If the appeal form was not available at Green Bay Correctional on October 8, 2014, the plaintiff could not have used it. The plaintiff responded to this argument by noting that the revised date in the left-hand corner of the form says October 2014, not November 2014. He testified that in the past, he has received outdated forms from correctional officers even after the DOC had discontinued those forms, and argued that it was possible that he could have received a form from a correctional officer before the DOC said it was effective. Ms. Gorley testified, however, that the form had not been *created* as of October 8, 2014, not just that it wasn't *in effect*.

The court concludes from its review of the document the plaintiff submitted, and his testimony about it, that the plaintiff was not being truthful when he told the court that he had prepared and filed it in early October 2014. First, if the plaintiff had had in his possession a copy of a valid appeal dated in October 2014, the court is fairly certain that he would have mentioned that fact in his motion to amend, or provided the court with that copy the minute he received the defendant's motion for summary judgment, rather than asking the court (twice) to give him time to file the appeal. Second, if the plaintiff really had completed the appeal form on October 8, 2014, he would have used the old version of the DOC-405, because the new version did not yet exist. Third, the

9

plaintiff does not appear to have attempted to find out why he had not received a response to his appeal. While the plaintiff argues that he just "thought he was being ignored," he also told the court, emphatically, that he was very familiar with the grievance process. (Indeed the evidence submitted in support of the defendant's motion for summary judgment indicated that the plaintiff had been filing grievances in the Wisconsin correctional system since November of 2007—Dkt. No. 29-1 is an Inmate Complaint History Report that is two and a quarter pages long.) Given the plaintiff's familiarity with the grievance process, he would have known that had his appeal been received, he would have gotten an acknowledgment of it.

In short, the evidence and the testimony indicate that the plaintiff *did not* file an appeal in early October 2014. It appears that the plaintiff did not realize his mistake until he received the defendant's motion for summary judgment. He then attempted to remedy the mistake by asking the court to give him time to file an appeal (even though, by that point—July of 2015—it was too late). Only after the court issued the September 23, 2015 notice scheduling an evidentiary hearing did the plaintiff file the alleged copy of his appeal; he filed it on October 13, 2015. The evidence supports the court's inference that once the plaintiff realized there was going to be an evidentiary hearing, he manufactured an appeal and dated it to make it appear as though he'd prepared it a year earlier.

Even if the plaintiff had filed his appeal on or around October 8, 2014, the court still would have been required to find that he failed to exhaust his administrative remedies before he filed his lawsuit. The following table summarizes the timeline of the relevant events:

| The Plaintiff's Actions | DOC's Response |
|---|---|
| **9/18: Files Grievance** | |
| | **9/22: ICE Acknowledges Grievance** |
| | **9/22: ICE Recommends Dismissal** |
| | **10/2: Warden Dismisses Grievance** |
| *DOC 310.13(1) gives an inmate 10 calendar days (until 10/12) to appeal* | |
| **10/8: Allegedly Files Appeal** | |
| *DOC 310.13(4) requires examiner to issue written receipt of the appeal within 5 working days (by 10/15)* | |
| | **No Written Receipt of Appeal** |
| *DOC 310.14(3) requires an inmate to consider administrative remedies exhausted if he receives no decision within 45 days of acknowledgment of receipt (11/22, assuming receipt on 10/8)* | |
| **10/20: Files Federal Lawsuit** | |
| | **11/22: Administrative Remedies Considered Exhausted** |

As indicated in the above table, even assuming that the plaintiff had filed an appeal on or around October 8, 2014, as he claims to have done, the earliest date the plaintiff could have considered his administrative remedies exhausted under DOC 310.14(3) was November 22, 2014, thirty-three days *after* the plaintiff filed his federal lawsuit. The law is clear: "[A] suit filed by a

11

prisoner before administrative remedies have been exhausted must be dismissed . . . ." Perez v. Wis. Dept. of Corrs., 182 F.3d 532, 535 (7th Cir. 1999).

Thus, even had the plaintiff filed the appeal when he claimed to have filed it, he still filed this lawsuit before the DOC regulations allowed him to consider his administrative remedies exhausted.

## V. CONCLUSION

For the reasons discussed above, the court **GRANTS** the defendant's motion for summary judgment (Dkt. No. 26), and **DISMISSES** the complaint in its entirety. The clerk will enter judgment accordingly.

This order, and the judgment which will follow, are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30) days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. The court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask the court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e), or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28) days** of the entry of judgment. The court cannot extend this deadline. *See*

12

Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

13

Case 2:14-cv-01311-PP   Filed 01/04/16   Page 13 of 13   Document 42